

**United States District Court**
OFFICE OF THE CLERK
**Western District of Louisiana**

October 5, 2021

*800 Lafayette St., Ste. 2100*
*Lafayette, LA 70501*
*337-593-5000*

Otis Guidry
c/o John F McKay
McKay Law Firm
7465 Exchange Place
Baton Rouge, LA 70806

Target Corp
c/o David Patrick Curlin
Lawrence Knight & Assoc
225 St Ann Dr
Mandeville, LA 70471

Re:   Guidry v. Target Corp
      6:17-cv-00199

Dear All:

    I have been contacted by Senior Judge Dee D. Drell, to whom the above case was assigned.

    It has been brought to Judge Drell's attention that for a brief time during which the case was pending his wife, in her separate property stock portfolio, owned shares of Target Common Stock. The record reflects that the suit was removed on January 26, 2017. The stock was sold in the ordinary course of business by Mrs. Drell's broker on April 4, 2017. The ownership of this stock neither affected any rulings or orders issued in the case. However, the existence of this particular ownership interest would have required recusal under the Code of Conduct for United States Judges, and, thus, Judge Drell directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and

a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Drell's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 18, 2021. Any response will be considered by another judge of this court without the participation of Judge Drell.

Sincerely,

*Tony R. Moore*

TONY R. MOORE
Clerk of Court